## J. C. Rider v. First National Bank of Pampa.

Decided November 5, 1910.

**1.—Promissory Note—Principal and Surety—Payment—Bankruptcy.**

By an agreement between the maker of a note and the holder and owner of the same, certain accounts were assigned and delivered by the maker to the holder with the understanding that said accounts were to b  taken as absolute payments *pro tanto* of the note; subsequently the maker of the note was ad-judged a bankrupt, and the trustee in bankruptcy sued and recovered from the owner of said note the amount of money which he had collected on said ac-counts and the accounts which had not been collected. Held, said recovery nullified the agreement that the accounts should be taken and treated as abso-lute payments, and the owner of the note was entitled to recover the entire amount of the same, not only against the principal maker but also against a surety thereon, although the latter was not a party to the suit by the trustee against the maker to recover the money and accounts.

**2.—Same—Exclusion of Testimony—Harmless Error.**

The refusal of the trial court to permit a defendant to testify that he ex-ecuted the note sued upon as surety for his codefendant, if error at all would be harmless error when the judgment was entered against said defendant as surety and not as principal.

**3.—Same—Attorney's Fee—Pleading and Proof.**

In a suit upon a promissory note the plaintiff alleged that said note had been placed in the hands of a firm of attorneys (naming them) for collection, and that suit is hereby brought on said note, and plaintiff has incurred a liabil-ity on account thereof of the full amount of ten per cent on the principal and interest thereon, which is a reasonable and just charge. Held, in the absence of a special exception to the petition, said allegations were sufficient as against a criticism that there was no allegation that plaintiff had contracted with its attorneys to give them said fee for their services in collecting said note.

**4.—Same.**

Proof that plaintiff had employed an attorney to prosecute a suit would imply an agreement to pay reasonable compensation for such services.

Appeal from the District Court of Gray County.    Tried below before Hon. F. P. Greever.

*J. W. Crudgington* and *S. E. Boyett,* for appellant.

*Madden, Trulove & Kimbrough,* for appellee.

DUNKLIN, Associate Justice.—Appellant, J. C. Rider, as surety for J. S. Rider, executed a promissory note in favor of the First State Bank of Pampa; and the First National Bank of Pampa, appellee herein,

subsequently became the owner of the note. The suit was instituted by appellee to collect the note, and both J. C. Rider and J. S. Rider were made defendants. Judgment was rendered against both defendants for the full·amount of the note, the same being against J. S. Rider by default, and J. C. Rider has appealed.

The principal defense urged by appellant was a plea of payment, based upon the following facts which were established by the evidence. Appellee collected certain accounts due J. S. Rider, who was a merchant and who had delivered same to appellee. The amounts collected were entered as credits upon the note. Afterwards, and within a period of four months from the date of delivery of the accounts to appellee, bankruptcy proceedings were instituted in the Federal Court against J. S. Rider, who was later adjudged a bankrupt. In the same court the trustee in bankruptcy sued appellee herein to recover the amounts collected by it on the accounts which it had received from J. S. Rider, upon the allegation that at the time of the transaction by which appellee acquired the same, J. S. Rider was insolvent; that the transfer of the accounts was within a period of four months next preceding the bankruptcy proceedings; that the same was an illegal preference as between creditors, and was void because in contravention of the bankruptcy law. In that suit judgment was rendered decreeing the transfer of the accounts to be void and adjudging that appellee herein pay to the trustee·all moneys collected on the accounts, and deliver over to the trustee all accounts and notes uncollected, which was accordingly done. Appellant introduced evidence tending to show further that at the time appellee accepted the accounts from J. S. Rider, it agreed that the same should be taken as absolute payments *pro tanto* of the note in controversy. With this testimony as a basis therefor, appellant requested an instruction to the jury substantially that if such was the agreement and if appellee had collected the accounts, then appellant's plea of payment should be sustained. We think this requested instruction was properly refused.

If the agreement pleaded by appellant was proven, appellant could not invoke the same as a defense freed of an inherent vice which rendered it null and void. As between the bank and J. S. Rider, who were the only parties to the alleged agreement, the decree of the Federal Court requiring the bank to surrender to the trustee all benefits it had received under the agreement, destroyed the entire consideration for the contract, and appellant, although not a party to the suit by the trustee, could have no greater rights thereunder than were vested in J. S. Rider. Durrell v. Farwell, 27 S. W., 795; 32 Cyc., 169-170. Further, it was proven, not only that appellant was informed of the suit against the bank by the trustee, but that in effect he demanded that the bank should resist it, to the end that the amounts collected should be held by the bank as credits·upon the note.

If there was error in the refusal of the trial court to permit appellant to testify that in executing the note he was surety only for J. S. Rider,

the same was harmless in view of the fact that the judgment rendered against appellant was against him as surety and not as principal.

By the judgment plaintiff was awarded ten per cent of the amount of principal and interest as attorneys' fees. The note contained the usual stipulation for attorneys' fees, but appellant complains that "there was no allegation in plaintiff's petition nor proof to the effect that plaintiff had contracted with its attorneys to give them said fees for their services in connection with the collection of the same or suit thereon." In its petition plaintiff alleged: "Said note has been placed in the hands of Madden, Trulove & Kimbrough, a firm of attorneys in Potter County, Texas, for collection, and suit is hereby brought on said note, and plaintiff has incurred a liability on account thereof of the full amount of ten per cent on the principal and interest thereon, which is a reasonable and just charge on account thereof." The following is copied from the statement of facts: "It was admitted by all parties that the amount of attorneys' fees sued for is reasonable. Proof of this was also made as against the absent defendant, J. S. Rider, by the witness R. E. Underwood." B. E. Finley, cashier of plaintiff bank, testified for plaintiff: "We are suing in this case to recover the $500, also interest, and also attorneys' fees of ten per cent on the entire amount due. I have employed the firm of Madden, Trulove & Kimbrough to bring the suit." In the absence of a special exception to the petition we think the allegation quoted therefrom was, at all events, sufficient as against the criticism urged against it. It having been proven that plaintiff had employed attorneys to prosecute the suit, an agreement to pay a reasonable compensation for such services would be implied without further proof of the fact. The proof of such employment of attorneys being uncontroverted, and appellant having agreed that the amount of attorneys' fees sued for was reasonable, there was no error in the peremptory instruction to the jury to award appellee the attorneys' fees prayed for, in the event of a verdict in its favor for the principal and interest of the note.

The judgment of the trial court is affirmed.

*Affirmed.*